UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY SALMERI | ) | CASE NO. |
| 7049 67th Way N | ) | |
| Pinellas Park, FL 33781 | ) | JUDGE |
| | ) | |
| on behalf of himself and all others | ) | |
| similarly situated, | ) | |
| | ) | **PLAINTIFF'S COMPLAINT** |
| Plaintiff, | ) | |
| | ) | (Jury Demand Endorsed Herein) |
| vs. | ) | |
| | ) | |
| AWP INC., D/B/A AREA WIDE | ) | |
| PROTECTIVE | ) | |
| c/o Statutory Agent CT Corporation | ) | |
| System | ) | |
| 4400 Easton Commons Way, Suite 125 | ) | |
| Columbus, Ohio 43219 | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff Gary Salmeri, and for his Complaint against AWP, Inc., d/b/a Area

Wide Protective ("Defendant"), states and alleges the following:

## INTRODUCTION

1.      This is a "collective action" instituted by Plaintiff as a result of Defendant's

practices and policies of failing to include bonuses and shift differentials earned by Plaintiff and

other similarly-situated hourly, non-exempt employees in their regular rate of pay for purposes of

calculating their overtime compensation, as well as for failing to pay overtime compensation on

time, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.SC. §§ 201-219.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division, and Defendant is headquartered in this District and Division.

## **PARTIES**

4.     At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Florida.

5.     At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6.     At all times relevant herein, Defendant was a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 4244 Mt. Pleasant Street, NW, North Canton, Ohio 44720.

7.     At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8.     At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9.     At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10.     At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11.     Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

12.     Defendant provides temporary traffic control services at work sites throughout the United States, such as one-lane flagging operations and multi-lane road closures.  On a daily basis, Defendant deploys thousands of traffic control specialists to private contractors and major public utilities throughout numerous states.

13.     Plaintiff Gary Salmeri has been employed by Defendant since March 2017.

14.     At all times relevant herein, Plaintiff was employed by Defendant as a traffic control specialist.

15.     Other similarly-situated employees were employed by Defendant as traffic control specialists.

16.     At all times relevant herein, Plaintiff was employed by Defendant as an hourly, non-exempt employee.

17.     Other similarly-situated employees were employed by Defendant as hourly, non-exempt employees.

**(Failure to Include Shift Differential Wages and Bonuses In Overtime Calculations)**

18.     Plaintiff and other similarly-situated employees were paid shift differential wages for working on shifts that started in the evening (e.g., after 6 p.m.).

19.     Plaintiff and other similarly-situated employees were also paid safety bonuses if they worked enough hours and had no preventable injuries and accidents.

20.     At all times relevant herein, however, Defendant failed to include the shift differential wages and bonuses paid to Plaintiff and other similarly-situated employees in their regular rate of pay for purposes of calculating their overtime compensation.

21.     As a result of Defendant's failure to include shift differential wages and bonuses in the calculation of overtime compensation, Plaintiff and other similarly-situated employees were denied significant amounts of overtime compensation.

**(Failure to Pay Overtime On The Regular Payday)**

22.     At all times relevant herein, Defendant failed to pay overtime compensation to Plaintiff and other similarly-situated employees on time.

23.     Instead, Defendant made overtime compensation payments to Plaintiff and other similarly-situated employees after their regular payday.

24.     When Defendant paid Plaintiff and other similarly-situated employees their overtime compensation on a later pay date, Defendant referenced these instances as "Back Pay OT" on their pay statements.

**(Defendant Willfully Violated the FLSA)**

25.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

26.     Upon information and belief, Defendant obtained numerous opinions from attorneys regarding its compliance with the FLSA over the last few years, including its obligations to include shift differential wages and bonuses in the calculation of overtime compensation, and pay overtime to employees on the regular payday.

27.     Despite the fact that Defendant obtained numerous opinions from attorneys, it continued to engage in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

28.    Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

29.    The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All current and former hourly, non-exempt traffic control specialists of AWP, Inc. at any time between October 23, 2017 and the present.

30.    Plaintiff is unable to state at this time the exact size of the potential class, by upon information and belief, avers that is consists of at least several thousand persons.

31.    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

32.    These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records.  These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

33.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34.     Defendant's practice and policy of not paying Plaintiff and other similarly-situated hourly, non-exempt employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207.

35.     Defendant's practice and policy of failing to include shift differential wages earned by Plaintiff and other similarly-situated hourly, non-exempt employees in the calculation of their overtime compensation violated the FLSA, 29 U.S.C. §§ 201-219, 29 U.S.C. 207(e).

36.     Defendant's practice and policy of failing to include bonuses earned by Plaintiff and other similarly-situated hourly, non-exempt employees in the calculation of their overtime compensation violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. 778.208-.209.

37.     Defendant's practice and policy of failing to pay overtime compensation to Plaintiff and other similarly-situated hourly, non-exempt employees on time violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. 778.106.

38.     By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

39.     As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.      Issue an order permitting this litigation to proceed as a collective action, and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B.      Order prompt notice, pursuant to 29 U.S.C. 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.      Award Plaintiff and the class he represents actual damages for unpaid wages;

D.      Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E.      Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F.      Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G.      Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ Anthony J. Lazzaro
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
chastity@lazzarolawfirm.com

anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

 /s/ Anthony J. Lazzaro
One of the Attorneys for Plaintiff